UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIERRA CLUB,

      Plaintiff,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

      Defendant.

No. C 06-5288 MHP

**MEMORANDUM & ORDER**
**Re: Plaintiff's Motion For Costs and Attorneys' Fees**

On August 29, 2006 plaintiff Sierra Club filed this action against defendant United States Environmental Protection Agency ("EPA") pursuant to the citizen suit provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a). On May 10, 2007 the court entered a consent decree that resolved the claims in favor of plaintiff. Docket Entry 18. Now before the court is Sierra Club's motion for attorneys' fees and costs. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows. Having determined there is no need for a hearing on these matters, the court has deemed the matter submitted.

BACKGROUND[1]

Plaintiff Sierra Club filed a complaint against defendant EPA on August 29, 2006 alleging that EPA failed to perform non-discretionary duties to review, and if appropriate, revise the New Source Performance Standards ("NSPS") for new and modified Portland cement plants set forth in 40 C.F.R. sections 60.60-60.66, Subpart F as required by CAA section 111(b), 42 U.S.C. section

7411(b)(1)(B), and to publish notice of such action in the Federal Register as required by CAA section 307(d), 42 U.S.C. section 7607(d). On May 10, 2007 the court entered a consent decree that resolved plaintiff's claims by establishing deadlines for defendant to propose and finalize revisions to the NSPS standard of performance or a determination not to revise the NSPS.

As the prevailing party, plaintiff duly filed a motion for attorneys' fees and costs in the amount of $35,945 pursuant to section 304(d) of the CAA, 42 U.S.C. section 7604(d), which provides for fee shifting. Plaintiff asks for a total of $35,945, of which $350 consists of costs. The remaining $35,595 consists of attorneys' fees for the three attorneys that worked on this matter. Attorney Reed Zars, practicing out of Laramie, Wyoming, expended 62.5 hours on the merits of this case; George Hays, practicing out of San Francisco, California, expended 15.1 hours, including over 7 hours preparing this fee application; and Martin Robertson, practicing out of Sausalito, California, expended 1.5 hours, all of which was spent in preparing this fee application. Plaintiff requests that these 79.1 total hours be billed at an hourly rate of $450.

All three attorneys are experienced environmental litigators. Zars has been practicing law for twenty-one years. Zars spent roughly five years as an Assistant Attorney General for the Environmental Protection Division for the Attorney General of Massachusetts. Zars Dec., Exh. 1 at 2. For the last fifteen years Zars has operated a private practice specializing in complex environmental litigation. Hays has been practicing law for twenty-three years, approximately nineteen of which have been in the environmental area. Hays had worked for the United States Environmental Protection Agency for twelve years and had been Team Leader in the Air, Toxics, Water & General Law Branch of the Office of Regional Counsel, Region 9. Since October 2000 Hays has maintained a small private practice, focusing mainly on environmental citizen suits. Robertson has been practicing law for twenty-eight years, twenty-six of which have been in the area of environmental law. Robertson has been in private practice in the San Francisco Bay Area since 1992, concentrating in environmental and land use litigation and permitting. From 1992 to 2003 Robertson split time between the Palo Alto and San Francisco offices of Ware & Freidenrich (later Gray Cary Ware & Freiderich). Since 2003 Robertson has worked as a sole practitioner in his own law firm and continues to concentrate in environmental and land use litigation and permitting.

2

## LEGAL STANDARD

Where fees are appropriate, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). This product is the lodestar. While the lodestar is the presumptively reasonable fee award, Ferland v. Conrad Credit Corp., 244 F.3d 1145 (9th Cir. 2001), it may be adjusted to accommodate degree of success. In calculating the lodestar, the court must determine both a reasonable number of hours and a reasonable hourly rate for each attorney. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), amended by 808 F.2d 1373 (1987).

In order to obtain attorneys' fees, a prevailing party must demostrate the reasonableness of the rate requested. Blum v. Stenson, 465 U.S. 886, 898 n.11 (1984). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. A rate determined in this manner will be "normally deemed to be reasonable, and is referred to-for convenience-as the prevailing market rate." Id.

The district court has substantial discretion in fashioning a fee award. See Coder v. Howard Johnson & Co., 53 F.3d 225, 229 (9th Cir. 1994); Ladd Trucking Co. v. Board of Trustees, 777 F.2d 1371 (9th Cir. 1985) (the district court's determination should be reversed only for abuse of discretion); Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir. 1980) ("Abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors.").

## DISCUSSION

Plaintiff asserts that as the prevailing party it is entitled to attorneys' fees and costs under CAA section 304(d), 42 U.S.C. § 7604(d) (providing courts with discretion to "award costs of

litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award to be appropriate"). Defendant concedes that attorneys' fees and costs are appropriate in this case. However, defendant argues that plaintiff's request is excessive because plaintiff seeks to receive compensation at the rate prevailing in the San Francisco Bay Area for work done by attorney Zars in Laramie, Wyoming. Plaintiffs request an hourly rate of $450 for Zars' work, while defendant requests an hourly rate of $200. Defendant further argues that certain tasks for which plaintiff seeks remuneration are unreasonable because they were duplicative, clerical, or related to pre-litigation investigative activity.

I.      Reasonable Hourly Rate

The Supreme Court has held that attorneys' fees are to be calculated according to the "prevailing market rates in the relevant community." Blum, 465 U.S. at 895. Although the Supreme Court has never defined what "relevant community" means, "the general rule is [to use] the rates of attorneys practicing in the forum district" where the case was filed. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir.), cert. denied, 502 U.S. 899 (1991)).

Plaintiff argues that, under the forum rule, it is entitled to attorneys' fees at the prevailing hourly rate for attorneys of similar skill and experience in San Francisco. Plaintiff cites League for Coastal Prot. v. Kempthorne, No. C 05-0991-CW, 2006 WL3797911 *7 (N.D. Cal. Dec. 22, 2006) (Wilken, J.) (awarding fees of $450 per hour to two experienced environmental attorneys under the Equal Access to Justice Act), to support an hourly rate of $450. In addition to a declaration by Zars, plaintiff has provided a declaration from an attorney practicing in the relevant field of environmental law: J. Martin Robertson. Robertson states that a rate of $450 per hour is reasonable for Zars given Zars' qualifications, expertise and twenty-five-plus years of litigation experience. Robertson Dec. ¶ 7 & 8. Robertson bases his opinion on his knowledge of the billing practices of private law firms in the San Francisco Bay Area and his own experience in billing clients in environmental litigation. Id. ¶ 6.

4

Defendants do not contest that $450 an hour is a reasonable rate for Hays and Robertson, both experienced environmental attorneys who maintain their practices and performed the work for this action in the San Francisco Bay Area. Neither does defendant challenge Zars' experience. Defendant does, however, contest the reasonableness of plaintiff's request for a rate of $450 where he did not perform any of the work on this action in the San Francisco Bay Area. Instead, defendant argues that a rate of $200 per hour should apply because Zars worked on this case in Laramie, Wyoming. See Avera v. Secretary of HHS, 75 Fed. Cl. 400, 405 (Fed. Cl. 2007) (finding that $200 was a reasonable hourly rate for a Cheyenne, Wyoming attorney prevailing in an action brought in Washington D.C.).

Defendant asks this court to apply an exception to the forum rule which provides for the application of out-of-district rates where the "bulk of the work is done outside the jurisdiction of the court and where there is a very significant difference in compensation favoring [the forum jurisdiction]." Davis County Solid Waste Mgmt. &. Energy Recovery Special Serv. Dist. v. EPA, 169 F.3d 755, 758 (D.C. Cir. 1999). Yet, the Ninth Circuit recognizes no such exception to the forum rule. See Institute for Wildlife Prot. v. Norton, No. C 03-1251P, 2006 WL 1896730 *2 (W.D. Wash. July 10, 2006). The forum rule is the established law of the Ninth Circuit; the forum district is the appropriate market for purposes of establishing an attorney's reasonable rate. Id.; See also Davis, 927 F.2d at 1488. The court concludes that $450 an hour is a reasonable rate for work done by all three attorneys in this case regardless of whether the work was performed inside or outside the district.

II.     Reasonably Expended Hours

Defendant objects to the number of hours claimed by plaintiff as excessive and unreasonable. First, it contends that plaintiff seeks to recover for duplicative tasks performed by its attorneys. Defendant also asks the court to adjust the claimed hours where they reflect non-legal activities and time spent pursuing pre-litigation investigative activity and background research. The court will address each argument in turn.

5

### A. Hours Spent on Duplicative Tasks

Defendant objects to recovery for time spent engaged in duplicative tasks. Specifically, defendant alleges that the 8.1 hours Hays spent reviewing the complaint written by Zars, as well as the consent decree and related client emails negotiated by Zars, was duplicative in light of Hays' and Zars' experience. Plaintiff responds that Hays and Zars, both solo practitioners, rely on one another to manage their complex caseloads and avoid scheduling conflicts. Plaintiff further argues that the eight hours billed by Hays, the attorney who is admitted to practice in this district, was a reasonable amount of time in which to familiarize himself with the case in order to file the complaint and associated documents. In fact, Zars, as an out-of-state attorney is required under this district's civil rules, Civ.L.R. § 11-3, to designate an in-state attorney as co-counsel. It would be a dereliction of that attorney, in this case Hays, to not review the pleadings and filings in this case.

The court's examination of plaintiff's billing statements fails to show tasks that were in fact duplicative. Hays billed a total of 8.1 hours for the work he performed in connection with this action. Hays Dec., Exh. 2 at 1. Most of this time was spent reviewing, revising and filing documents which were submitted to this court and opposing counsel. This court finds that the work billed reflects collaboration and coordination of efforts, rather than duplication. The billing records are detailed and complete. On no occasion did Hays bill for reviewing a document where Zars also billed for reviewing the same. Thus, the court finds that Hays did not inappropriately bill for duplicative tasks. Accordingly, Hays' hours will not be reduced for duplication of efforts.

### B. Non-Lawyer Tasks

Defendant also contests plaintiff's claims for time spent on non-lawyer, clerical tasks. Defendant argues that the court should reduce the lodestar by the hours attributable to non-billable tasks. The court agrees. "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them ... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (citation omitted). As the Ninth Circuit has stated, [i]t simply is not reasonable for a lawyer to bill, at her

1    regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower
2    cost." Davis v. City and County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992).

3    However, defendant has cited no precedential case law suggesting that this non-legal work is
4    not billable at all. Rather, the non-legal tasks involved here should be billed at the rate for a legal
5    assistant. The court has identified 2.0 hours attributable to such tasks performed by Hays that should
6    be billed at the lower rate for a legal assistant.[2] While Hays did not specifically allocate the time
7    expended by task, much of the billing statement describes work appropriately performed by a legal
8    assistant. Therefore, the court will deduct 2.0 hours from the total billed by Hays; these hours should
9    be billed at the rate for a paralegal. The parties have not provided declarations proposing the
10   reasonable rate for paralegal work in the San Francisco Bay Area. However, at least one court in this
11   district has concluded based on similar information that $115 per hour is a reasonable rate for a
12   paralegal in this type of action See Camacho v. Bridgeport, No. C 04-00478 CRB, 2007 WL 196681
13   *1 (N.D. Cal. Jan. 4, 2007) (Breyer, J.). Therefore, a rate of $115 is not unreasonable for these tasks.

15   C.   Pre-litigation Investigative Activity

16   Under Hensley v. Eckerhart, a prevailing attorney is entitled to compensation for time
17   "reasonably expended *on the litigation*." Webb v. Board of Educ. of Dyer County, 471 U.S. 234,
18   242 (1985) (emphasis in original). Time is reasonably expended on the litigation when it is "useful
19   and of a type ordinarily necessary to secure the final result obtained from the litigation." Delaware
20   Valley, 478 U.S. at 561 (citation and internal quotations omitted).

21   Defendant objects to hours claimed for pre-litigation investigative activity. Defendant argues
22   plaintiff is not entitled to compensation for the time Zars spent investigating the regulated Portland
23   cement industry and completing procedural tasks associated with opening a new case. In support of
24   these objections defendant cites Webb, 471 U.S. at 242-43. However, Webb does not necessarily
25   compel a fee reduction in the instant action. In Webb the Supreme Court affirmed the Court of
26   Appeals decision to withhold attorneys' fees for hours spent pursuing a separate, optional
27   administrative proceeding. Id. at 244. However, in so holding, the Court recognized that certain pre-
28   litigation costs are reasonably characterized as having been spent "on the litigation." Id. at 243. The

7

1 Court explained that the "[m]ost obvious examples are the drafting of the initial pleadings and the
2 work associated with the development of the theory of the case." Id.   The Court distinguished the
3 facts in Webb from those of its earlier decision in New York Gaslight Club, Inc. v. Carey, 447 U.S.
4 54 (1980), which allowed recovery of fees for work performed in an administrative proceeding
5 *required* as a prerequisite to suit under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.,

6 The operative statute here, 42 U.S.C. § 7604(d), provides that the court "may award costs of
7 litigation (including reasonable attorney and expert witness fees) to any party...."  The statutes in
8 Carey and Webb read slightly differently from section 7604.  They provide that "[i]n any *action or*
9 *proceeding"* subject to the statute "the court, in its discretion, may allow the prevailing party ... a
10 reasonable attorney's fee ... as part of the costs...." See 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988,
11 respectively.  These latter statutes, enforcing various civil rights laws, clearly provide for proceedings
12 in addition to actions or litigation.

13 The inquiry does not stop here, however.  Looking at other pre-litigation activity that does not
14 involve other proceedings such as administrative proceedings, courts have looked to whether the
15 activity was "a necessary pre-cursor to the filing of a lawsuit" and, if so, awarded attorneys' fees for
16 such work.  See, e.g., Watkins v. Fordice, 7 F.3d 453, 458 (5th Cir.1993) (allowing fees for some pre-
17 litigation work, but disallowing fees for hours expended lobbying state legislature as not "'reasonably
18 expended on the litigation.'") (quoting Webb, 471 U.S. at 244).

19 This Circuit, in the context of an action under the Employee Retirement Income Security Act
20 ("ERISA"), 28 U.S.C. § 1001 et seq., wherein the statute allows the court in its discretion to award
21 "reasonable attorney's fees and costs of action to either party", disallowed fees for work performed
22 during administrative proceedings prior to suit, despite the work being "necessary and valuable", but
23 did note that fees for "work done on the lawsuit prior to the filing of the lawsuit are recoverable."
24 Dishman v. Unum Life Ins.Co.of America, 269 F.3d 974, 987 & n.51 (9th Cir.2001).

25 It thus appears from the existing case law that the court may award attorneys' fees for pre-
26 litigation work that is necessary to the filing of an action.  This requires the court to determine what is
27 necessary and exclude that which may be merely relevant.  Obviously some investigation and
28 research must be done in order to comply with Rule 11(b) of the Federal Rules of Civil Procedure.

While the court finds that Rule 11(b) is not the touchstone for this inquiry, it provides guidance, for it essentially dictates the minimum. Failure to perform the investigation and research necessary to satisfy the Rule may subject the attorney to sanctions. The Seventh Circuit, on the other hand, was not persuaded by a similar argument in a case involving fees and costs under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, which contains a fee provision identical to the one in this action. The court there found that the statute did not mandate "recovery of the pre-litigation costs of determining whether a plaintiff should bring a suit in the first place." Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 975 (7th Cir. 2002).

While this court agrees that Rule 11(b) does not require that investigation costs be reimbursed where there is a fee-shifting statute, the Rule does provide guidance as to what investigation or pre-litigation activities are reasonable. In Albany Bank & Trust the land owner was seeking injunctive relief to compel removal of contamination by an adjoining filling station. Under the respective burdens of the RCRA statute the court noted that plaintiff bore responsibility for past cleanup costs and defendant for future remediation. The court apparently believed the Rule 11(b) approach was inconsistent with these burdens. The rule is not, however, inconsistent with the statute at issue here, the CAA, which provides for civil enforcement actions. Nor need the court award fees for a "Cadillac" investigation as suggested by the Seventh Circuit, id.; the court must determine what is a *reasonable* fee. This court, therefore, considers the Rule 11(b) provisions as guidance along with the CAA itself in determining what are reasonable pre-litigation activities that may justify an award of reasonable fees and costs.

Plaintiff is entitled to remuneration for Zars' pre-litigation activity. In preparation for the case, Zars researched "cement industry expansion plans," the "history of [the] NSPS revision requirement," and "PM and opacity emission limits in EPA rulemaking." Zars Dec., Exh. 2 at 1. The court cannot say this was not "useful" or not "of a type ordinarily necessary" to obtain the ultimate result sought in this litigation. Indeed, this sort of background research is often vital in ascertaining the scope of the issues presented and determining whether there is non-compliance and, therefore, justification for the litigation. Moreover, an understanding of the regulatory landscape, industry plans and activities, and relevant historical data can be essential to the development of a theory of the

9

1 case. Furthermore, Zars' efforts here are of an entirely different character from those in Webb where
2 the prevailing party sought a fee award for time spent on an optional administrative proceeding.
3 Here, time was expended on preparing and filing a "notice" letter which is required by section
4 7604(b) of the CAA as a prerequisite to suit under the Act. Zars' efforts also were proximately
5 linked, and of a type that was "useful," to the litigation of this action. Finally, the amount of time
6 spent was modest and hardly adds up to a "Cadillac" investigation. Accordingly, the court will not
7 deduct Zars' award for time spent engaged in that activity.

### D.  Time Spent on Fee Petition

Plaintiff also seeks compensation for 8.5 hours spent preparing the fee petition. Seven of Hays' 15.1 hours, and all of Robertson's 1.5 hours, were spent preparing the fee application. Defendant, however, argues that plaintiff's fee award should be reduced to the extent that plaintiff failed to prevail in the litigation. Defendant further argues that this reduction should likewise be applied to any "fees-on-fees" award.

The court finds defendant's argument for a percentage reduction unavailing. Time spent by counsel in establishing the right to attorneys' fees is compensable. D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1387-88 (9th Cir.1990); Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir.1986). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.... [which] should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley, 461 U.S. at 435. However, the Supreme Court has stated that "fees for fee litigation should be excluded to the extent that the applicant ultimately failed to prevail in such a litigation." Commissioner, INS v. Jean, 496 U.S. 154, 163 n.10 (1990). Thus, "[e]xorbitant, unfounded, or procedurally defective fee applications--like any other improper position that may unreasonably protract proceedings--are matters that the district court can recognize and discount." Id. at 163.

Here, plaintiff has prevailed in the underlying litigation by obtaining a favorable consent decree which requires that the EPA perform its statutory duty to issue modern air pollution emission limits for cement plants nationwide. Plaintiff has also largely prevailed by establishing its

entitlement to attorneys' fees. More importantly, however, this case does not involve an "exorbitant, unfounded, or procedurally defective" fee application of the sort warned against in Jean. Consequently, no discount is warranted. Plaintiff is entitled to full compensation for the 8.5 hours spent preparing and supporting its fee application.

III.   Reasonable Costs

Plaintiff seeks the $350 filing fee paid for the initiation of this action. Defendant has presented no arguments to suggest that such an award would be unreasonable. An award of costs is consistent with the purpose of the CAA's citizen suit provisions. Accordingly, the court finds that plaintiff is entitled to an award of $350 for costs.

CONCLUSION

Plaintiff's motion for attorneys' fees and costs is GRANTED in part and DENIED in part. The court finds that reasonable attorneys' fees and costs are $35,275.[3]

IT IS SO ORDERED.

Dated: October 18, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

## **ENDNOTES**

1. Unless otherwise noted, all facts are taken from the Consent Decree.

2. The 2.0 hour total is based on entries for the following dates. The dates and corresponding hours billed are listed below:

| Date | Hr. | Task |
|---|---|---|
| 8/29/2006 | 1.2 | File complaint |
| 9/28/2006 | 0.4 | Serve complaint and other associated documents |
| 9/29/2006 | 0.3 | File certificate of service; forward complaint to clerk's office |
| 11/27/2006 | 0.1 | Print out ADR form courtesy copy and sent to court |
| Total | 2.0 | |

See Hays' Dec., Exh. A at 1.

3. The $35,275 total is based on entries for the following items:

|  | Hours | Rate | Amount |
|---|---|---|---|
| Zars (merits) | 62.5 | $450 | $28,125 |
| Hays (merits) | 6.1 | $450 | $2,745 |
| Hays (clerical) | 2 | $115 | $230 |
| Hays/Robertson (fee) | 8.5 | $450 | $3,825 |
| Costs | --- | --- | $350 |
| Total | 79.1 | --- | $35,275 |